UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES BOGDEN,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>WASTE MANAGEMENT OF<br>COLORADO, INC.<br><br>*Defendant.* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO<br>FED. R. CIV. P. 23 |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff James Bogden, on behalf of himself and all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members" or "Plainitff and the Colorado Class Members"), who worked for Waste Management of Colorado, Inc., anywhere in Colorado and at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs under Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19 and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et seq.* and the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the CWCA and the CMWA will be referred to collectively as the "Colorado Acts").

Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his respective Colorado state-law claim is asserted as a class action under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23").

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a Rule 23 class action pursuant to the laws of Colorado.

2. Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of Waste Management of Colorado, Inc. ("Waste Management") who have worked as Waste Disposal Drivers and were responsible for hauling waste and garbage to the appropriate facilities—such as landfill and transfer facilities—throughout Colorado at any time during the relevant statutes of limitation.

3. Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek.

4. During the relevant time period, Waste Management knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty each week on a routine and regular basis.

5. Specifically, Waste Management's regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked off-the-clock)—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. The effect of Waste Management's practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Waste Management has failed to properly calculate and compensate Plaintiff and the Putative Class Members for all of their hours worked and overtime under the FLSA and Colorado state law.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Colorado state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Colorado class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Bogden designated herein be named as the Class Representative for the Colorado Class.

## II.
## PARTIES

11. Plaintiff James Bogden ("Bogden") was employed by Waste Management of Colorado, Inc. during the relevant time period. Plaintiff Bogden did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former Waste Disposal Drivers who were employed by Waste Management of Colorado, Inc., at any time from January 17, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Bogden worked and was paid.

13. The Colorado Class Members are those current and former Waste Disposal Drivers who were employed by Waste Management of Colorado, Inc. in Colorado at any time from January

---

[1] The written consent of James Bogden is attached hereto as Exhibit A.

17, 2018 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Bogden worked and was paid.

14. Defendant Waste Management of Colorado, Inc. ("Waste Management") is a foreign for-profit corporation and an employer as defined by 29 U.S.C. § 203(d). Waste Management is not registered with the Texas Secretary of State, and may be served through the Texas Secretary of State pursuant to the Texas Long Arm Statute. Plaintiff therefore requests that the Texas Secretary of State serve Waste Management of Colorado, Inc. at its principle office located at **1001 Fannin Street, Houston, Texas 77002.**

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the Colorado state law claim pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Waste Management because Waste Management maintains its principal office in this District and Division.

18. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Waste Management maintains its corporate headquarters in Houston, Texas, which is within this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
# FACTS

21. On information and belief, Waste Management of Colorado, Inc. is a wholly owned subsidiary of Waste Management, Inc. and provides waste disposal services under the Waste Management trade name umbrella in the state of Colorado.

22. To provide these services, Waste Management employed (and continues to employ) numerous Waste Disposal Drivers—including Plaintiff and the individuals that make up the FLSA Collective and the Colorado Class.

23. While exact job titles may differ, Waste Management's waste disposal drivers were (and continue to be) subjected to the same or similar illegal pay practices for similar work.

24. Plaintiff and the Putative Class Members' primary job duties consisted of driving waste disposal trucks, hauling waste, recycling, and other refuse to various landfill or disposal sites throughout Colorado.

25. Waste Management has a corporate policy and practice of automatically deducting 30 minutes a day for a meal-period break from the "on-the-clock" hours of its waste disposal drivers.

26. Waste Management made this deduction despite its actual knowledge that Plaintiff and the Putative Class Members did not take a meal-period break, and instead continued driving their respective routes for Waste Management's benefit during the alleged meal breaks.

27. Plaintiff and the Putative Class Members were not allowed to report that they actually worked through lunch in order to receive the compensation to which they were entitled, which would have been overtime compensation when Plaintiff and the Putative Class Members worked more than forty hours in that week—which they did the majority of their workweeks.

28. As a result of Waste Management's policy and practice of automatically deducting a 30-minute meal-period break, Plaintiff and the Putative Class Members were not compensated for all hours worked in excess of forty in a workweek at the rates required by the FLSA.

29. Indeed, Plaintiff and the Putative Class Members worked an additional 2.5 or more overtime hours each week for which they did not receive any compensation, including their overtime compensation.

30. Waste Management has employed, and currently employs, other individuals throughout the state of Colorado who performed (and continue to perform) the same or similar job duties under the same pay provisions as Plaintiff Bogden.

31. Waste Management was aware of its obligation to pay the proper amount of overtime to Plaintiff and the Putative Class Members and failed to do so for all hours worked over forty (40) each workweek.

32. Waste Management knew Plaintiff and the Putative Class Members were not paid for their daily meal-period breaks—breaks that Waste Management knew Plaintiff and the Putative Class Members worked through—and Waste Management did not correct this illegal practice or offer any back pay.

33. Instead, Waste Management knowingly, willfully, and with reckless disregard carried out its illegal pattern or practice of failing to pay the proper amount of overtime compensation for all hours worked over forty each week with respect to Plaintiff and the Putative Class Members .

34. Accordingly, Waste Management's pay policies and practices violated (and continue to violate) the FLSA and Colorado state law.

# V.
# CAUSE OF ACTION

## COUNT ONE
(Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA Collective is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR WASTE MANAGEMENT OF COLORADO, INC., AT ANY TIME FROM JANUARY 17, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

37. At all times hereinafter mentioned, Waste Management has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

38. At all times hereinafter mentioned, Waste Management has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

39. At all times hereinafter mentioned, Waste Management has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

40. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Waste Management, these individuals have provided services for Waste Management that involved interstate commerce for purposes of the FLSA.

41. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

42. Specifically, Plaintiff and the FLSA Collective Members worked (and continue to work) with vehicles and their component parts, fuel them with gasoline, and use radios, paper, office supplies and other materials that have been moved in commerce.

43. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

44. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 36.

45. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Waste Management.

**B.    FAILURE TO PAY WAGES PURSUANT TO THE FLSA**

46. All previous paragraphs are incorporated as though fully set forth herein.

47. Waste Management violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such non-exempt employees for hours worked in excess of 40 hours per week at rates at least one and one-half times the regular rates for which they were employed.

48. Moreover, Waste Management knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

49. Waste Management knew or should have known its pay practices were in violation of the FLSA.

50. Waste Management is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

51. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Waste Management to pay them according to the law.

52. The decision and practice by Waste Management to not pay Plaintiff and the FLSA Collective Members the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

53. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of 40 hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rates of pay, plus liquidated damages, attorneys' fees and costs.

**C.    COLLECTIVE ACTION ALLEGATIONS**

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Waste Management's respective current and/or former employees who are (or were) similarly situated to Plaintiff with regard to the work they have performed and the manner in which they have been deprived the proper amount of overtime compensation.

56. Other similarly situated employees of Waste Management have been victimized by Waste Management's patterns, practices, and policies—which are in willful violation of the FLSA.

57. The FLSA Collective Members are defined in Paragraph 36.

58. Waste Management's failure to pay its Waste Disposal Drivers—Plaintiff and FLSA Collective Members—for all hours worked and overtime at the proper rate results from generally

applicable policies and practices of Waste Management, and does not depend on the personal circumstances of the Plaintiff and FLSA Collective Members

59. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

60. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

61. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated under the FLSA for all hours worked in excess of forty (40) hours per workweek.

62. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

63. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Waste Management will retain the proceeds of its violations.

64. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

65. Accordingly, the FLSA collective of similarly situated Plaintiff should be certified as defined as in Paragraph 36 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of the Colorado Acts)**

**A. COLORADO ACTS COVERAGE**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. The Colorado Acts Class is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR WASTE MANAGEMENT OF COLORADO, INC., AT ANY TIME FROM JANUARY**

**17, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Colorado Class" or "Colorado Class Members").**

68. At all times hereinafter mentioned, Waste Management has been an employer within the meaning of the Colorado Acts, C.R.S. § 8-4-101(6)

69. At all times hereinafter mentioned, Plaintiff Bogden and the Colorado Class Members have been employees within the meaning of the Colorado Acts, C.R.S. § 8-4-101(5).

70. Plaintiff and the Colorado Class Members were or have been employed by Waste Management and have been covered employees entitled to the protections of the Colorado Acts and are **not exempt** from the protections of the Colorado Acts.

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE COLORADO ACTS**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. The Colorado Acts require that employees receive "time and one-half" overtime compensation for hours worked over forty (40) per week. *See* C.R.S. §§ 8-4-101, *et seq.*

73. Plaintiff Bogden and the Colorado Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Waste Management violated the Colorado Acts by failing to pay Plaintiff and other class members overtime for hours worked over forty (40) per week.

74. Plaintiff Bogden and the Colorado Class Members have suffered damages and continue to suffer damages as a result of Waste Management's acts or omissions described herein; though Waste Management is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

75. In violating the Colorado Acts, Waste Management acted willfully, without a good faith basis and with reckless disregard of clearly applicable Colorado law.

76. The proposed class of employees, i.e. putative class members sought to be certified pursuant ot the Colorado Acts, is defined in Paragraph 67.

77. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Waste Management.

**C. COLORADO ACTS CLASS ALLEGATIONS**

78. Plaintiff Bogden brings his Colorado Acts claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Waste Management to work in Colorado since January 17, 2018.

79. Class action treatment of Plaintiff Bogden's Colorado Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

80. The number of Colorado Class Members is so numerous that joinder of all class members is impracticable.

81. Plaintiff Bogden is a member of the Colorado Class, his claims are typical of the claims of the other Colorado Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Colorado Class Members.

82. Plaintiff Bogden and his counsel will fairly and adequately represent the Colorado Class Members and their interests.

83. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

84. Accordingly, the Colorado Class should be certified as defined in Paragraph 67.

# VI.
# RELIEF SOUGHT

85. Plaintiff respectfully prays for judgment against Waste Management of Colorado, Inc. as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 36 and requiring Waste Management to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all FLSA Collective Members;

b. For and Order certifying the Colorado Class as defined in Paragraph 67 and designating Plaintiff Bogden as the Class Representative of the Colorado Class;

c. For an Order approving the form and content of a notice to be sent to all FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order pursuant to Section 16(b) of the FLSA finding Waste Management liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e. For an Order pursuant to the Colorado Acts awarding the Colorado Class Members all damages allowed by law.

f. For an Order awarding the costs of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Bogden a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Waste Management, at Waste Management's expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

l.

Date: January 17, 2019						Respectfully submitted,

						**ANDERSON ALEXANDER, PLLC**

					By:	/s/ *Clif Alexander*
						**Clif Alexander**
						Federal I.D. No. 1138436
						Texas Bar No. 24064805
						clif@a2xlaw.com
						**Austin W. Anderson**
						Federal I.D. No. 777114
						Texas Bar No. 24045189
						austin@a2xlaw.com
						**Lauren E. Braddy**
						Federal I.D. No. 1122168
						Texas Bar No. 24071993
						lauren@a2xlaw.com
						**Alan Clifton Gordon**
						Federal I.D. No. 19259
						Texas Bar No. 00793838
						cgordon@a2xlaw.com
						**Carter T. Hastings**
						Federal I.D. No. 3101064
						Texas Bar No. 24101879
						carter@a2xlaw.com
						**George Schimmel**
						Federal I.D. No. 2338068
						Texas Bar No. 24033039
						geordie@a2xlaw.com
						819 N. Upper Broadway
						Corpus Christi, Texas 78401
						Telephone: (361) 452-1279
						Facsimile: (361) 452-1284

						***Attorneys for Plaintiff and the Putative Class Members***